1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RODRIGUEZ, | CASE NO. 1:06-cv-01654-AWI-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| D. ORTIZ, et al., | (Doc. 1) |
| Defendants. | |
| _____/ | |

I.    Screening Order

    A.    Screening Requirement

    Plaintiff Luis Rodriguez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 31, 2006.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

B.    <u>Plaintiff's Claims</u>

The events at issue in this action allegedly occurred at California State Prison-Corcoran, where plaintiff was housed at the time. Plaintiff names Chief Deputy Warden D. Ortiz, Sergeant A. Trujillo, Sergeant J. Martinez, and numerous John Does as defendants. Plaintiff is seeking money damages.

Plaintiff alleges that on November 18, 2004, he was transferred from Salinas Valley State Prison to the Security Housing Unit at CSP-Corcoran, along with inmate Alex Rodriguez. Plaintiff alleges that he and inmate Rodriguez were housed in a dirty cell containing blood, fecal matter, and vomit. Plaintiff requested rubber gloves for use in cleaning the cell from a John Doe Correctional

///

2

Officer, informing him that there was blood, fecal matter, and vomit in the cell. John Doe would not provide gloves, but did provide powder bleach.

The next day, plaintiff learned that the inmate occupying the cell prior to plaintiff and inmate Rodriguez had AIDS and was very ill. Plaintiff alleges that after learning this information, he stressed out because he had cleaned up the blood on the floor and wall with a cut on his finger. Plaintiff alleges that the floor Correctional Officers failed to warn them and failed to provide them with gloves to clean the cell.

### 1.   Plaintiff's Eighth Amendment Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from

which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). In order for plaintiff to proceed in this action based on the conditions of the cell he was confined it, he must allege sufficient facts to support a claim that at the time he was placed in the cell, defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.

The allegation that plaintiff complained after the fact to defendants Ortiz and Martinez does not support a claim that they violated plaintiff's constitutional rights with respect to the conditions of the cell plaintiff was confined in.

With respect to defendants Trujillo and John Doe Warden, plaintiff may not pursue a claim for relief based on supervisory liability. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

The court will provide plaintiff with the opportunity to file an amended complaint linking the conditions of the cell to one or more defendants.

1  C.  Conclusion

2  The court finds that plaintiff's complaint does not state a claim upon which relief may be

3  granted under section 1983.  The court will provide plaintiff with the opportunity to file an amended

4  complaint curing the deficiencies identified by the court in this order.

5  Plaintiff is informed he must demonstrate in his complaint how the conditions complained

6  of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

7  227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

8  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

9  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

10  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

11  743 (9th Cir. 1978).

12  Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

13  complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint

14  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

15  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

16  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

17  of each defendant must be sufficiently alleged.

18  Accordingly, based on the foregoing, it is HEREBY ORDERED that:

19  1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

20  upon which relief may be granted under section 1983;

21  2.  The Clerk's Office shall send plaintiff a civil rights complaint form;

22  3.  Within **thirty (30) days** from the date of service of this order, plaintiff shall file an

23  amended complaint; and

24  ///

25  ///

26  ///

27  ///

28  ///

4.      If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

**Dated:**    **March 27, 2007**                 **/s/ Sandra M. Snyder**
icido3                                  UNITED STATES MAGISTRATE JUDGE