# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RODRIGUEZ,<br><br>                    Plaintiff,<br><br>       v.<br><br>D. ORTIZ, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:06-cv-01654-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, BASED ON FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 21) |

Plaintiff Luis Rodriguez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 31, 2006. On March 28, 2007, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted. Plaintiff filed an amended complaint on April 16, 2007.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

1

1  The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

In his amended complaint, plaintiff alleges that the administrative remedy process is complete and cites to Exhibit A as evidence. (Doc. 21, § II.) Exhibit A reveals that plaintiff's inmate appeal was partially granted and partially denied at the first formal level of review. (Id., pgs. 11-14.) The appeal was granted in that plaintiff was scheduled for a medical appointment, and plaintiff's appeal was stamped, but was denied with respect to wrongdoing on the defendants' part. Plaintiff is attempting to impose liability on defendants for violating his rights under the Eighth Amendment by housing him in a cell with blood and fecal matter left by an inmate with AIDS. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). The second and third levels of review were available to plaintiff and he was required to pursue his appeal to those levels in order to satisfy the exhaustion requirement.

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S.Ct. 910, 918-19 (2007) (citing Porter, 435 U.S. at 524). Exhaustion is an affirmative defense and plaintiff cannot be required to plead or demonstrate exhaustion in his complaint. Jones, 127 S.Ct. at 921. However, because it is clear from the face of plaintiff's complaint that he did not exhaust the available administrative remedies prior to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claim prior to filing suit.

///

1    These Findings and Recommendations will be submitted to the United States District Judge
2    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3    **days** after being served with these Findings and Recommendations, plaintiff may file written
4    objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5    Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
7    1153 (9th Cir. 1991).

9    IT IS SO ORDERED.

10   **Dated:    April 26, 2007**                              /s/ Sandra M. Snyder
                                                     UNITED STATES MAGISTRATE JUDGE